Curia, per Savage, Ch. J.
It does not appear by the return of the sessions, on what ground they decided that the order of the justices should be quashed.
By our statute, (1 R. L. 280,) the settlement of every bastard child follows that of its mother: though, at the common law, a bastard was, in general, settled where born.[1] The child, then, being born in Minden, is setted there, unless the mother has a settlement somewhere else. *237 The mother is herself a bastard, and was horn in Minden, jjer m0^erj it seems, is married to a man in Danube, who is of sufficient ability to maintain her. Where the settlement of the grandmother is, independent of her marriage, does not appear. After the marriage, it became the same with that of her husband. But the husband is not bound to maintain the children of his wife by a former marriage: a fortiori, he is not bound to maintain his wife’s bastard children. The statute compelling parents and children to maintain each other, being of sufficient ability, extends only to natural relations. (4 T. R. 118. 1 Stra. 190.) For aught appearing in this case, the mother and child both have a settlement in the town of Minden. The *237-1 child was therefore, before birth, likely to become chargeable to that town; and the justices were justified in making the order for the lying-in expenses; and, subsequently, for the weekly sustentation.
It is urged that it did not appear before the sessions that Cox was the father of the child. It does not appear by the return. That fact must have been shown to the justices, and taken for granted in the court of sessions. Mo objection appears to have been made on this ground, in that court, where the fact might have been shown; and *from the examination here had, it must be considered as conceded. Otherwise, the examination as to the settlement of the bastard was irrelevant and immaterial.
It is also argued that the town has not been damnified. Whether such was the fact, was not a material inquiry upon the appeal in the sessions. That question would arise upon a proceeding to enforce payment of the sums ordered. The case of Donely v. Rockfeller, (4 Cowen, 253,) was an action on a bond conditioned to indemnify the town. It was there decided that such an action would not lie, without showing actual payment of money; but that decision has been reversed on error. That case, however, as decided by us, would not support the principle contended for in this case.
It seems to me, therefore, that the court of general sessions erred in quashing the order of the justices.
Order of sessions reversed, and order of justices confirmed.

 The provisions of the New York Revised Statutes on this subject are as follows:—
The reputed father, and the mother of a- bastard child, are liable for its support; and in case of their default, or inability, it must be supported by *237 the town or county where it is born. The mother of a bastard child, if unable to support herself during her confinement and recovery, or subsequent thereto, is, as well as her child, to be provided for, in all respects, as a pauper. The old system of compulsory removal of paupers is wholly abolished ; still, however, questions of settlement, between different towns in tho same county, may arise, which are to be determined by the superintendents of the poor. The rules, as to the legal settlement, for the purpose of maintenance, of a mother and her bastard child, are as follows: (1 R. S. 822, secs. 3 and 4; sec. 63.)
1. If the mother have no legal settlement in the county where the child is bom, they are to be supported at the expense of such county.
2. They must be supported at the expense of the county were the child is born, if such county be one of those where the distinction between town and county poor is abolished. It) however, the mother has been removed, or clandestinely brought, or enticed to remove, from any other part of the state, to avoid the charge of their support, the overseers of the .poor, or superintendents of the poor, have the same remedies therfor as in the case of paupers.
3. In counties where the respective towns support their own poor, thev are to be supported at the expense of the town where the child is born, if the mother have a legal settlement therein.
4. If the mother have a settlement in some other town, than that in which the child is born, of the same county, and which town is required to support its own poor, they are to be supported at the expense of such other town.
In respect to the latter rule, it is to be observed, that although the mofe; and child are to be provided for at the expense of the town where the mother is legally settled, yet they are to be supported in the town where the child is born, unless they are taken voluntarily to the town chargeable. The proceedings to compel the town chargeable, to indemnify the town where they are supported, are to be conducted by the overseers of the poor. (Id. secs. 54, 68, and 63. Waterman’s Tr. pp. 313, 314.)